IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:23-CV-00892-RJC-SCR

| | |
|---|---|
| **CITY OF GASTONIA**, a North Carolina municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>**NC GAS HOUSE GANG LLC**, a Wyoming limited liability company,<br><br>Defendant. | **REPLY BRIEF IN SUPPORT OF PLAINTIFF CITY OF GASTONIA'S MOTION TO STRIKE DEFENDANT NC GAS HOUSE GANG LLC'S THIRD-PARTY COMPLAINT AND SUMMONSES THERETO** |
| **NC GAS HOUSE GANG LLC**,<br><br>Defendant and Third-Party Plaintiff<br><br>v.<br><br>**ATLANTIC LEAGUE OF PROFESSIONAL BASEBALL CLUBS, INC.**, and **RICHARD E. "RICK" WHITE**,<br><br>Third-Party Defendants. | |

Pursuant to LCvR 7.1(e), Plaintiff City of Gastonia ("City"), through counsel, hereby files this reply brief in support of its Motion to Strike Defendant NC Gas House Gang LLC's Third-Party Complaint and Summonses Thereto (Doc. 14), limiting its discussion to "matters newly raised in the response."

None of the courts in the cases cited in Defendant NC Gas House Gang LLC's Opposition to Motion to Strike (Doc. 17) ("Opposition") hold that Fed. R. Civ. P. 14 permits a third-party complaint without there being a claim for derivative or secondarily liability set forth therein. The Third-Party Complaint (Doc. 10) filed by Defendant NC Gas House Gang ("Gas House Gang")

against the Third-Party Defendants is entirely comprised of direct theories of liability. While the Third Party Complaint makes most of the same conclusory allegations that are, in part, the subject of the City's Motion for Judgment on the Pleadings (Doc. 7), Rule 14 of the Federal Rules of Civil Procedure does not provide for this type of impleader.

Gas House Gang's Opposition cites to *American Export Lines, Inc. v. Revel*, 262 F.2d 122 (4th Cir. 1958) to support its argument that direct theories of liability can be pursued in a third-party complaint. (Doc. 17, p. 4). That opinion did *not*, however, address the propriety of a third-party plaintiff seeking to implead a party based theories of direct liability. Indeed, in *Walbridge Aldinger LLC v. Cape Fear Engineering, Inc.*, one of this Court's sister districts noted in its analysis of *Revel* that:

> Although the United States Court of Appeals for the Fourth Circuit has not detailed criteria for application of this rule in a published opinion, it has stated that 'the third-party claim must be 'derivative' of the plaintiff's claim for '**derivative liability is central to the operation of Rule 14**'."

2022 WL 288181 at *8 (E.D.N.C. Jan. 31, 2022), *quoting Scott v. PPG Indus., Inc.*, No. 89-2362, 1990 WL 200655 at *3 (4th Cir. Dec. 13, 1990) (emphasis added).

*Walbridge Aldinger* went on to note that:

> "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff."

*Id.*, *quoting* 6 Charles A. Wright, et al., Fed. Prac. & Proc. § 1446 (3d ed.).

Gas House Gang does not seek such a "transfer" of liability *sub judice*, but rather seeks damages directly from the Third-Party Defendants.

Gas House Gang's Opposition also cites to *United States v. Travelers Cas. & Sur. Co. of Am.*, Civ. No. DLB-22-2789, 2023 WL 8809547 (D. Md. Dec. 20, 2023). (Doc. 17, pp. 4-5). The court's discussion related to Fed. R. Civ. P. 14(a) is limited to issues of ripeness concerning a freestanding claim for indemnification. 2023 WL 8809547 at *3. Indeed, indemnification is a

quintessential derivative or secondary claim to be brought under third-party procedure. Gas House Gang does not seek indemnification from the Third-Party Defendants in its Third-Party Complaint for its clear liability to the City.

Gas House Gang also relies on *Berryman v. Newalta Environmental Srvs., Inc.* for the proposition that "courts consider whether the third-party complaint would introduce an unrelated controversy or unduly complicate the case at trial." No. 18-793, 2018 WL 5631169 at *1 (W.D. Pa. Oct. 31, 2018); (Doc. 17, p. 5). *Berryman* does not purport to supplant, however, the requirement of Fed. R. Civ. P. 14(a) that claims brought in third-party complaints be derivative or secondary in nature. The court, in part, concluded that "there is a direct line of liability alleged to exist between [the defendant] and [the third-party defendant] of that between [plaintiff] and [defendant]," but that "secondary liability is also evidence because both [defendant's] contribution and indemnification claims set forth alleged liability that is entirely dependent on [the defendant] being found liable to [the plaintiff] for the underlying [claims]." *Id.* at *2. The court went on to perform a preemption analysis that bears no relevancy here, ultimately concluding that the third-party claims could survive as it pertained to Pennsylvania's analog to the Fair Labor Standards Act. *Id.* at *3-4. Here, there are no claims for contribution and indemnification to salvage any portion of the Third-Party Complaint.

In *May's Family Centers, Inc. v. Goodman's Inc.*, 104 F.R.D. 112 (N.D. Ill. 1985), also relied upon in the Opposition (Doc. 17, p. 5), the court exercised ancillary jurisdiction over a legal malpractice claim brought against a law firm by its client-defendant where the principal claim was one of breach of contract against the client. The court noted that, while "the law firm's conduct may have given rise to a valid breach of contract claim," that fact "need not constitute legal malpractice." *Id.* at 115. However, the court then observed that "the obverse side of the coin *is* present," in that "nonliability on the breach of contract claim would compel [the third-party

defendant's] nonliability for malpractice." *Id.* (emphasis in original). Thus, the court concluded that it would exercise ancillary jurisdiction. That "obverse side of the coin" in *May's Family Centers* is not the situation at bar-- the claims in the Third-Party Complaint are simply not dependent on the claims of the Complaint.

Contrary to what is implied in the Opposition, *Raines v. Steve Jung Installations, LLC*, the court articulated what is the City's position in its Motion to Strike, *i.e.*, that "Defendants must articulate a theory of the [third party defendant's] alleged derivative or secondary liability for the [plaintiffs'] claims against them," and that "[a] third-party plaintiff cannot merely assert a separate and independent claim, ***even if the third-party complaint arises out of the same set of facts as the original claim***." No. 20-1291 (JRT/TNL), 2021 WL 533691 at *4 (D. Minn. 2021) (emphasis added). The court in *Raines* concluded that the third-party plaintiff "explains why the [third-party defendant] is secondarily liable for any damages Defendants may owe the [Plaintiffs] in the underlying… action." *Id.*

In *Watergate Landmark Condominium Unit Owners' Ass'n v. Wiss, Janey, Elstner Assoc., Inc.*-- cited by Gas House Gang (Doc. 17, p. 7)-- the court noted that "[i]t is beyond dispute that a third party claim can be maintained only if the liability it asserts is in some way derivative of the main claim," and that "[a] proposed third-party plaintiff must allege facts sufficient to establish the derivative or secondary liability of the proposed third-party defendant…". 117 F.R.D. 576, 578 (E.D. Va. 1987).

The explanation required by *Raines* and the allegations required by *Watergate* are not what is provided in the third-party complaint here. Rather, Gas House Gang elected to pursue in its Third-Party Complaint the same allegations of conspiracy **between** the City and Third-Party Defendants that it alleged in the Answer and Counterclaims (Doc. 5). In other words, Gas House Gang uses the Third-Party Complaint to identify why it believes the other parties are liable ***to it***

rather than why the Third-Party Defendants may be secondarily liable *to the City* if Gas House Gang is directly liable to the City. Accordingly, neither the court in *Raines* nor in *Watergate* endorse what Gas House Gang attempts to do here through the filing of the Third Party Complaint.

In sum, none of the authority relied upon by Gas House Gang allows it to advance its claims grounded in a conspiracy between the City and Third-Party Defendants through Rule 14 of the Federal Rules of Civil Procedure. Accordingly and for the reasons stated in its principal brief, the City respectfully requests that the Court GRANT its Motion to Strike (Doc. 14).

Respectfully submitted, this the 6th day of March, 2024.

/s/ Daniel E. Peterson
Daniel E. Peterson
N.C. State Bar No. 41251
PARKER POE ADAMS & BERNSTEIN LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
T: (704) 372.9000
F: (704) 334.4706
Email: danielpeterson@parkerpoe.com

L. Ashley Smith, City Attorney
P.O. Box 1748
Gastonia, North Carolina 28053-1748
Ash.smith@gastonianc.gov

*Attorneys for Plaintiff and Counterclaim Defendant City of Gastonia*

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2024, a copy of the foregoing **Reply Brief in Support of Plaintiff City of Gastonia's Motion to Strike Defendant NC Gas House Gang LLC's Third-Party Complaint and Summonses Thereto** was electronically filed with the Clerk of Court using the CM/ECF system, and served upon counsel of record via the Court's CM/ECF system, as follows:

Trevor M. Fuller
THE FULLER LAW FIRM, P.C.
5970 Fairview Road, Suite 450
Charlotte, North Carolina 28210
Telephone: (704) 659-5600
Email: tmfuller@thefullerlawfirm.com
*Attorneys for Defendant and Third-Party Plaintiff NC Gas House Gang LLC*

/s/ Daniel E. Peterson
Daniel E. Peterson
N.C. State Bar No. 41251
PARKER POE ADAMS & BERNSTEIN LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
T: (704) 372.9000
F: (704) 334.4706
Email: danielpeterson@parkerpoe.com

L. Ashley Smith, City Attorney
P.O. Box 1748
Gastonia, North Carolina 28053-1748
Ash.smith@gastonianc.gov

*Attorneys for Plaintiff and Counterclaim Defendant City of Gastonia*