IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:23-CV-00892-RJC-SCR

| | |
|---|---|
| **CITY OF GASTONIA**, a North Carolina municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>**NC GAS HOUSE GANG LLC**, a Wyoming limited liability company,<br><br>Defendant. | |
| **NC GAS HOUSE GANG LLC**,<br><br>Defendant and Third-Party Plaintiff<br><br>v.<br><br>**ATLANTIC LEAGUE OF PROFESSIONAL BASEBALL CLUBS, INC., and RICHARD E. "RICK" WHITE**,<br><br>Third-Party Defendants. | **PLAINTIFF CITY OF GASTONIA'S MOTION FOR EXPEDITED HEARING AND/OR DISPOSITION** |

Pursuant to Section II.B. of Judge Conrad's standing "Pretrial Order and Case Management Plan," Plaintiff City of Gastonia ("City"), through counsel, hereby respectfully requests that the Court schedule this matter for hearing or disposition on an expedited basis upon the conclusion of the briefing on the City's Motion for Judgment on the Pleadings (Doc. 7) and Motion to Strike (Doc. 14) (collectively "Pending Motions"). While the City believes that its briefing and exhibits provide an adequate basis for the relief requested in the Pending Motions, should the Court believe

a hearing would assist in the resolution of said Pending Motions, the City requests that the Court consider scheduling the matter as expeditiously as possible.

In advance of filing this Motion, the undersigned consulted with counsel for Defendant NC Gas House Gang LLC ("Gas House Gang"), and Gas House Gang does not consent to the relief sought herein.

This Honorable Court has previously provided for expedited hearing at the request of a party. *See e.g. Nardone v. Edee*, 1:23-cv-00030-MOC-WCM, 2023 WL 2611027 (W.D.N.C. March 22, 2023) (slip copy). Recognizing the unusual nature of this request, however, for cause, the City shows unto the Court the following:

1. On November 17, 2023, the City initiated an action in Gaston County Superior Court, by filing a Complaint and Motion for Preliminary Injunction, achieving service of process on Gas House Gang on November 20, 2023. The City secured a hearing date of December 6, 2023 for its Motion for Preliminary Injunction. The City noticed Gas House Gang of that hearing on November 28, 2023. (*See*, Doc. 7-2).

2. As has been briefed extensively by the City in the Pending Motions underlying this Motion for Expedited Hearing, on December 1, 2023, Gas House Gang initiated bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Maryland, captioned *In re Gas House Gang, LLC*, Case No. 23-18766 ("Bankruptcy Action"). (*See*, *e.g.*, Doc. 8, pp. 2-3). As a result, the City's motion hearing could not proceed in Gaston County on December 6, 2023, as scheduled.

3. On December 7, 2023, the City filed an "Emergency Motion… for An Order (I) Compelling the Immediate Rejection of Executory Agreements or, (II) In the Alternative, Modifying the Automatic Stay to Allow the City to Exercise Its State Law Rights and Remedies" (Doc. 6-3). After full briefing and an in-person evidentiary hearing on December 14, 2023, the

Court rendered its decision in open court on December 19, 2023, making a robust series of findings of fact and conclusions of law uniformly in the City's favor. (*See*, *e.g.*, Doc. 8, p. 2).

4. Shortly thereafter, on December 21, 2023, after the Court entered its Order in the Bankruptcy Action, Gas House Gang noticed removal of the City's lawsuit to this Honorable Court on the basis of diversity jurisdiction. (Doc. 1).

5. On January 3, 2024, the day Gas House Gang's original responsive pleading was due under Fed. R. Civ. P. 12(a), Gas House Gang moved for an extension of time to respond to and through January 22, 2024. (Doc. 4). The Court granted that motion by text-only order the same day.

6. On the evening of its extended deadline, on January 22, 2024, Gas House Gang filed its Answer and Counterclaims (Doc. 5) containing four counterclaims and ten affirmative defenses, the gravamen of which alleged a conspiracy between the City and the Atlantic League of Professional Clubs ("Atlantic League").

7. Nine days later, on January 31, 2024, and well before the 21-day response deadline set by Fed. R. Civ. P. 12(a)(1)(B), the City filed its Answer to the Counterclaims (Doc. 6).

8. The next day, on February 1, 2024, the City filed its Motion for Judgment on the Pleadings, several exhibits thereto, and a memorandum of law seeking *final* judgment on all of its claims and all of the ten-day old counterclaims filed by Gas House Gang. (*See*, Docs. 7-8 and exhibits thereto).

9. On February 5, 2024, Gas House Gang then, in the last hours of the last day it could under Fed. R. Civ. P. 14(a), filed a Third-Party Complaint (Doc. 9, *corrected by* Doc. 10) against the Atlantic League and its president. The factual allegations and claims are mostly identical and/or analogous to the allegations made against the City two weeks prior.

10. Summonses issued to the Third-Party Defendants on February 8, 2024. (Doc. 11). As of the date of this filing over one-month later, no summonses have been returned executed and there is no indication to the City that any service has been attempted by Gas House Gang upon Atlantic League and/or its president.

11. On February 12, 2024, the City filed a Consent Motion to Stay Initial Attorney's Conference, Initial Discovery Responses, and Related Obligations pending resolution of its Motion for Judgment on the Pleadings. (Doc. 12). The Court allowed that motion the next day by text-only order.

12. On February 14, 2024, the day before its response was due, Gas House Gang sought an 8-day extension of time to respond to the City's Motion for Judgment on the Pleadings. (Doc. 13). The City consented to the relief sought out of professional courtesy. The motion filed cites the "sweeping" nature of the City's Motion for Judgment on the Pleadings and that this case is "complex litigation with extensive factual allegations and many legal issues." (Doc. 13, p. 2). Gas House Gang also referred to the "several motions… pending" in the Bankruptcy Action "that will have a direct impact on the issues raised herein." (*Id.*). The Court allowed that consent motion.

13. Later that same day on February 14, 2024, the City filed a Motion to Strike and memorandum in support thereof (Docs. 14-15), requesting that the Third-Party Complaint and Summonses be stricken. That motion has now been fully briefed and is ripe for disposition. (Docs. 17-18).

14. On February 20, 2024, the Court in the Bankruptcy Action held an in-person evidentiary hearing in the United States Bankruptcy Court for the District of Maryland on a motion to vacate filed by Gas House Gang under the U.S. Bankruptcy Code.

15. As forecasted in Gas House Gang's recently filed Second Motion for Extension of Time to Respond to Plaintiff's Motion for Judgment on the Pleadings (Doc. 16), the Court in the Bankruptcy Action issued a ruling on February 23, 2024. This ruling denied Gas House Gang's motion to vacate.[1]

16. One of Gas House Gang's in-person witnesses was its counsel of record in this action, Trevor Fuller ("Mr. Fuller"). The essence of Mr. Fuller's testimony appears to be that the City is taking too long to prosecute this case.

17. Mr. Fuller testified, *inter alia*, that the City filed its Answer (Doc. 6) within *nine* days after the filing of Gas House Gang's Answer and Counterclaims (Doc. 5), which was too long because the counterclaims "wouldn't be surprising."[2] (Exhibit 2 at 60:7-10). To be precise, the testimony was "Well, I could say you should have been ready as soon as my answer came in." (Exhibit 2 at 59:25-60:6). Gas House Gang expects the City to have predicted what defenses and counterclaims Gas House Gang would assert, but does not hold itself to the same standard. Gas House Gang sought a nearly three week extension of time on January 3, 2024, to respond to the Complaint that it had been served with on November 20, 2023. (*See*, Doc. 1, p. 2).

18. After the close of business on Friday, February 23, 2024-- the day Gas House Gang's response to the Motion for Judgment on the Pleadings was due under its first extension-- Gas House Gang sought an additional extension to and through the date of this filing-- March 7, 2024-- to file a response based on the Bankruptcy Action's adverse ruling against it. (Doc. 16). When consulted late the afternoon of February 23 about this motion, the City indicated it must

---

[1] A true and accurate copy of the transcription of the Court's oral ruling of February 23, 2024 in the Bankruptcy Action is attached hereto as **Exhibit 1**.
[2] A true and accurate copy of Mr. Fuller's testimony in the Bankruptcy Action is attached hereto as **Exhibit 2**.

oppose the motion given the testimony in the Bankruptcy Action that the City was not moving this case to final judgment expeditiously.

19. On February 26, 2024, the Court granted the requested extension.

20. The City has consulted with Gas House Gang prior to the filing of this Motion seeking expedited hearing or disposition. Gas House Gang consents to the hearing, but *expressly* does not consent to asking the Court for expedited consideration.

21. The only extensions of time sought in this action have been by Gas House Gang. The City had to allow Gas House Gang to have the opportunity to respond to the allegations against it before this Honorable Court, per Rule 12(a) of the Federal Rules of Civil Procedure. Of course, the City as the Plaintiff in this action, cannot force a final judgment prior to the filing of an answer by the defendant. As indicated above, the City not only filed its responsive pleading to the Counterclaims brought against it in nine days, but moved for final judgment the very next day after that.

22. After the automatic stay provided by the U.S. Bankruptcy Code was lifted by the Court in the Bankruptcy Action, Gas House Gang unilaterally sought and secured an extension the day its Answer to the Complaint was due--January 3, 2024-- extending the time to respond to January 22, 2024, claiming it had only mere "days" to respond to the Complaint. (Doc. 4, p. 2). Under LCvR 7.1(e), Gas House Gang had fourteen days from the filing of the Motion for Judgment on the Pleadings by which to file a response. *See* LCvR 7.1(e). Gas House Gang sought and secured a consent weeklong extension to respond. (Doc. 13). Gas House Gang then, over the City's objection, sought an additional two weeks for purposes of including in its response a discussion of the ruling denying its motion by the Court in the Bankruptcy Action (Doc. 16).

23. Meanwhile, the Court in the Bankruptcy Action seeks this Honorable Court's assistance in adjudicating the parties' rights under North Carolina law. This Court cannot address that with finality until, of course, Gas House Gang has been afforded an opportunity to respond first by Answer to the Complaint, and then by briefing to this Court in response to the Motion for Judgment on the Pleadings.

24. The City has moved towards final judgment as fast as practicable while honoring the due process afforded by the Federal Rules of Civil Procedure. Gas House Gang should not be allowed to weaponize the additional time ***it*** has sought in this Honorable Court to claim in the Bankruptcy Action that it is ***the City*** delaying final adjudication in North Carolina.

25. Gas House Gang's counsel even testified that the City should have anticipated Gas House Gang's responsive pleading and counterclaims-- and then days later, Gas House Gang asked this Court for a second extension to respond to the Motion for Judgment on the Pleadings that was filed within ten days after Gas House Gang's responsive pleading.

26. Gas House Gang's response to the City's Motion for Judgment on the Pleadings is due today, forty-seven days after the City filed said motion. The City will promptly file a reply as soon as practicable so as to close the pleadings. At that point, the Motion for Judgment on the Pleadings will be ripe for disposition, just as the City's Motion to Strike the Third-Party Complaint and Summonses.

27. As forecasted in the City's Motion for Judgment on the Pleadings, Gas House Gang's 90-day cure period for its various and sundry defaults has now expired as of February 13, 2024. (*See*, Doc. 8, pp. 14-18). The defenses and counterclaims brought by Gas House Gang have no merit and are implausibly premised on allegations of conspiracy, in direct contravention of its own attorney and managing members' admissions in the Bankruptcy Action.

PPAB 10568822v1
7
Case 3:23-cv-00892-RJC-SCR   Document 19   Filed 03/07/24   Page 7 of 9

28. Gas House Gang's representations to the Court in the Bankruptcy Action that the City is not prosecuting this case with enough speed contradicts its representations to this Honorable Court that it needed 47 days to respond to the City's Motion for Judgment on the Pleadings due to, *inter alia*, the complexity of the litigation and "sweeping" nature of the City's motion. Gas House Gang is attempting to delay adjudication in either court by ricocheting the two legal proceedings off one another.

29. Accordingly, the City seeks expedited hearing and/or resolution of its Motion for Judgment on the Pleadings and Motion to Strike.

WHEREFORE, the City respectfully requests that the Court GRANT this motion and set this matter for hearing or disposition on the briefs on an expedited basis.

Respectfully submitted, this the 7th day of March, 2024.

/s/ Daniel E. Peterson
Daniel E. Peterson
N.C. State Bar No. 41251
PARKER POE ADAMS & BERNSTEIN LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
T: (704) 372.9000
F: (704) 334.4706
Email: danielpeterson@parkerpoe.com

L. Ashley Smith, City Attorney
P.O. Box 1748
Gastonia, North Carolina 28053-1748
Email: Ash.smith@gastonianc.gov

*Attorneys for Plaintiff and Counterclaim Defendant City of Gastonia*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing **PLAINTIFF CITY OF GASTONIA'S MOTION FOR EXPEDITED HEARING AND/OR DISPOSITION** was electronically filed with the Clerk of Court using the CM/ECF system, and served upon counsel of record via the Court's electronic case filing system.

This 7th day of March, 2024.

/s/ Daniel E. Peterson
Daniel E. Peterson
N.C. State Bar No. 41251
PARKER POE ADAMS & BERNSTEIN LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
T: (704) 372.9000
F: (704) 334.4706
Email: danielpeterson@parkerpoe.com

L. Ashley Smith, City Attorney
P.O. Box 1748
Gastonia, North Carolina 28053-1748
Email: Ash.smith@gastonianc.gov

*Attorneys for Plaintiff and Counterclaim Defendant City of Gastonia*