**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| CITY OF GASTONIA,<br>a North Carolina Municipal corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>NC GAS HOUSE GANG LLC,<br>a Wyoming limited liability company,<br><br>*Defendant*. | Case No. 3:23-CV-892-RJC-SCR |

**OPPOSITION TO DEFENDANT NC GAS HOUSE GANG LLC'S MOTION TO AMEND AND FOR PERMISSIVE JOINDER**

Defendant NC Gas House Gang LLC ("Gas House Gang") has tied itself in knots in its attempts to implead and now join third parties Atlantic League of Professional Baseball Clubs, Inc. (the "League") and Richard E. White in this action. But as with the Gordian Knot,[1] the solution here is simple. The Court should deny Gas House Gang's motion for leave to amend and join because the motion is not timely, it violates this Court's September 30 Order, joinder of the League and Mr. White is not necessary, and amendment is not otherwise in the interest of justice.

## I. Procedural Background

The City of Gastonia (the "City") brought this action against Gas House Gang in November 2023 in the Gaston County Superior Court. Gas House Gang removed and in January 2024 answered the City's complaint, asserting numerous counterclaims against the City. *See* Answer with Countercls., ECF No. 5.

[1] The loosing of the "Gordian Knot" is a legend. In the ancient kingdom of Phrygia, it was reputed that whoever succeeded in unraveling the complex knot fastening an oxcart would rule Asia. Alexander the Great did so—not by untying the knot, but by cutting it open with his sword.

The following month, Gas House Gang invoked Federal Rule of Civil Procedure 14 to file a "Third-Party Complaint" asserting new claims against the League and Mr. White. *See* Corrected Third-Party Compl., ECF No. 10. The City, the League, and Mr. White all moved to strike because Gas House Gang's claims against the League and Mr. White were not derivative, as is required under Rule 14(a)(1). *See* Pl.'s Mot. to Strike, ECF No. 14; Third-Party Defs.' Mots. to Strike, ECF Nos. 32, 40. Gas House Gang opposed the motions, asking the Court to (1) affirm the propriety of its Rule 14 impleader; or, in the alternative (2) "construe the claims in the Third-Party Complaint as the permissive joinder" of the League and Mr. White; or, in the further alternative, (3) "grant NC Gas House Gang leave to amend [its] counterclaims accordingly." Def.'s Opp'n to Third-Party Defs.' Mot. to Strike, ECF No. 42, at 8 n.2.

This Court granted the League and Mr. White's motion to strike. *See* Order, ECF No. 50, at 6. The Court also permitted Gas House Gang to "file an **amended pleading** that properly states a basis" no later than October 21, 2025.[2] *Id.* (emphasis added). The Court's order was plain: "To the extent <u>**any**</u> **such amended pleading** is filed, Gas House Gang <u>**must**</u> file such **amended pleading** within 21 days of this Order." *Id.* at 6 (emphases added).

Gas House Gang did not file any amended pleading within twenty-one days. Instead, Gas House Gang waited forty-two days—double the time permitted by the Court—and on November 11, 2025, filed its now-pending Motion to Amend Counterclaims and Join Parties, ECF No. 52. The motion should be denied.

---

[2] The September 30 Order, ECF No. 50, was signed on September 29, 2025, and entered on the docket the following day. Throughout this motion, the League and Mr. White treat the Order as being entered on September 30 rather than September 29. Gas House Gang's motion to amend is untimely either way.

## II. Legal Standards

When an act "may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). If the extension is requested after the specified time has already elapsed, however, the extension may be granted only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Within these time constraints, amended pleadings are permitted with "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Joinder is separately governed by Rules 19 and 20. A person *must* be joined as a party if "the court cannot accord complete relief among existing parties" or "that person claims an interest relating to the subject of the action" and the action cannot be fairly disposed in the person's absence. Fed. R. Civ. P. 19(a)(1). Other persons *may* be joined as defendants if a question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

## III. Argument

### *A. The motion is not timely, it violates this Court's Order, and Gas House Gang did not act with excusable neglect.*

Gas House Gang makes no attempt to excuse its neglect in disregarding this Court's clear order to file "***any***" "**amended pleading**" within twenty-one days of the Court's September 30 Order. Order, ECF No. 50, at 6 (emphases added). Instead, Gas House Gang has disingenuously reinterpreted the Court's Order as an invitation "to file an amended *third-party complaint* if a proper basis could be stated *under Rule 14*." Mot. to Am. Countercls., ECF No. 52, at 2 ¶ 8 (emphases added). The Court should not condone that litigation maneuver—and the Federal Rules of Civil Procedure do not permit it.

The Court's September 30 Order did not grant Gas House Gang permission merely to file an amended Rule 14 complaint. This Court expressly recognized Gas House Gang's alternative request for "leave to amend its claims." Order, ECF No. 50, at 5 (citing Opp'n to Third-Party Defs.' Mot. to Strike, ECF No. 42, at 8 n.2). That request in turn referenced Gas House Gang's "counterclaims" and invoked Rule 13(h) and "permissive joinder." Opp'n to Third-Party Defs.' Mot. to Strike, ECF No. 42, at 8 n.2. Considering these requests, the Court dismissed the "Third-Party Complaint" by name and then broadly granted Gas House Gang "leave to file **an amended pleading**" so long as "such **amended pleading** [is filed] within 21 days of this Order." Order, ECF No. 50, at 6 (emphases added). It is black letter law that an answer is a pleading, just as is a complaint. *See Pleading*, Black's Law Dictionary (9th ed. 2009) ("pleading, *n.* (16c) 1. A formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses. In federal civil procedure, the main pleadings are the plaintiff's complaint **and the defendant's answer**.") (emphasis added).

Gas House Gang did not file its amended pleading within twenty-one days of the Court's Order. Nor has it articulated "good cause" and "excusable neglect" to extend the Court's imposed deadline, as is required under Rule 6. *See* Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect in particular "is not easily demonstrated." *Martinez v. United States*, 578 F. App'x 192, 194 (4th Cir. 2014) (quoting *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996)). Courts may consider several factors, including "the length of the delay," "the reason for the delay," "whether it was within the reasonable control of the movant," and "whether the movant acted in good faith." *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The burden is on the party seeking additional time, and the core consideration is diligence. "[A] party

that fails to act with diligence [is] unable to establish that her conduct constituted excusable neglect." *Martinez*, 578 F. App'x at 194 (cleaned up) (quoting *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010)).

Gas House Gang makes no attempt to demonstrate excusable neglect. Rather, in the context of its Rule 15 analysis, it argues that the Court should grant leave to amend because its late-filed answer "would not cause any delay, since discovery has not yet commenced." Mem. Supp. Mot. to Am. Countercls., ECF No. 53, at 4. That is the wrong focus. The relevant question is why *Gas House Gang* waited forty-two days to file an amended pleading after the Court ordered that it do so within twenty-one days. Gas House Gang had notice of the Court-imposed deadline, which was no more onerous than the ordinary rules for amendment. *See* Fed. R. Civ. P. 15(a)(1) (permitting 21 day periods to amend as a matter of course). And, ironically, had Gas House Gang filed its amended answer within the Court's twenty-one-day deadline, it would not have needed to move for leave to amend at all, since the Court had already granted that relief. *Compare* Order, ECF No. 50, at 6 *with* Fed. R. Civ. P. 15(a)(2). Its late request to amend should be denied on this basis alone, which is evidence of bad faith. *See infra* Section C.

### *B. Joinder of the League and Mr. White is not necessary.*

The rules governing joinder do not require a different result. There are two forms of joinder: "required" joinder under Rule 19 and "permissive" joinder under Rule 20. When a person is a "required party," under Rule 19, the court "*must* order that the person be made a party" unless joinder is not feasible. Fed. R. Civ. P. 19(a)(2) (emphasis added). But the League and Mr. White are not required parties. Gas House Gang seeks to join them under Rule 20(a)(2), which merely *permits* joinder when a right to relief is asserted against a person and a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). Thus, the Court need not join the League and Mr. White notwithstanding Gas House Gang's delay and failure

to amend within the time set by this Court's Order. It has discretion to deny Gas House Gang's motion, *see Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (2007), and should here. That is particularly so because, if joined, the League and Mr. White will again assert their contractual right to arbitrate any dispute with Gas House Gang, which will result in further expense and delay as well as potential prejudice to the City, which has been stalled in pursuing its claims for nearly two years. *See id.* ("The court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." (quoting 7 Wright, Miller & Kane, Federal Practice & Procedure § 1652 (3d ed. 2001)); *see also* Third-Party Defs.' Mot. to Strike, ECF No. 40 (seeking in the alternative to compel arbitration).

Gas House Gang's invocation of Rule 13(h) does not change this analysis. On its face, that provision instructs only that Rules 19 and 20—the joinder rules—"govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). Some courts have further held that Rule 13(h) permits a court to join additional persons to adjudicate a counterclaim or crossclaim only if the claim involves "at least one existing party." *Stonecrest Partners, LLC v. Bank of Hampton Rds.*, 2011 U.S. Dist. LEXIS 92742, at *8 (E.D.N.C. Aug. 17, 2011) (quoting Wright, Miller & Kane, Federal Practice & Procedure § 1435 (3d ed. 2010)). "'In other words, through Rule 13(h), there is a mechanism for a defendant to make a counterclaim against a plaintiff, and then also *join to that counterclaim* an absent party who the defendant thinks *should be a counterclaim co-defendant*.'" *Terratec, Inc. v. Arco Murray Constr. Co.*, 2020 U.S. Dist. LEXIS 261033, at *7 (D.S.C. June 23, 2020) (emphases original) (quoting *Bonumose Biochem LLC v. Zhang*, 2018 U.S. Dist. LEXIS 132101, at *26 (W.D. Va. Aug. 6, 2018)). That is not what Gas House Gang is attempting to do here.

### *C. Amendment is not in the interest of justice because Gas House Gang is acting in bad faith.*

Permitting Gas House Gang to amend its answer to add additional counterclaims and to join the League and Mr. White is also not in the interest of justice. Leave to amend may be properly denied when there has been "undue delay, bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed"—all of which are present here. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Gas House Gang has provided no explanation for its seeking leave to amend only *now*, twenty-one days after expiration of the Court's previously ordered deadline to do so. *See* Order, ECF No. 50, at 6. That lapse is particularly egregious in this case, where Gas House Gang itself identified *a year ago* that amending its answer and counterclaims was an alternative potential method of bringing the League and Mr. White into this case. *See* Opp'n to Third-Party Defs.' Mot. to Strike, ECF No. 42, at 8 n.2 ("Alternatively, NC Gas House Gang urges the Court to construe the claims in the Third-Party Complaint as the permissive joinder of Third-Party Defendants to the Answer . . . (or grant NC Gas House Gang leave to amend the counterclaims accordingly), pursuant to Rule 13(h)."). Put simply, Gas House Gang knew even before the Court entered its September 30 Order that it could potentially join the League and Mr. White in this matter by amending its responsive pleading. Yet when the Court gave it a window to do so, Gas House Gang instead sat on its thumbs. That strategy appears consistent with the City's observation that Gas House Gang has used "the Third-Party Complaint"—and now this motion to amend—as "yet another procedural vehicle in its campaign of misdirection and delay." *See* Mem. Supp. Pl.'s Mot. to Strike, ECF No. 15, at 4.

At core, the issue is that Gas House Gang is acting in bad faith. Bad faith is one of "the only legitimate concerns in denying leave to amend." *Davis v. Paper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Bad faith can involve acting with "dishonesty of purpose" or "for the wrong

reasons," such as by "outright lying, deceiving, . . . , slacking off, intentionally causing confusion, or stubbornly refusing to follow rules." *United States ex rel. Nicholson v. Medcom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022). And that is what Gas House Gang has done here: rather than confront its mistake in "slacking off" and failing to amend within the time period set by the Court, or following the rules and attempting to demonstrate excusable neglect for doing so, Gas House Gang has deliberately tried to re-cast the Court's September 30 Order to obscure its import and cover over its tracks, and to once again tie up this litigation in procedural knots rather than defend it on the merits.

Had Gas House Gang complied with the Court's Order, it would not have needed to seek leave to amend at all—that leave had already been granted. *See* Order, ECF No. 50, at 6. And had Gas House Gang diligently followed the Rules of Civil Procedure, it would have moved for an extension of time and made the showings required by Rule 6. *See* Fed. R. Civ. P. 6(b)(1)(B). For that reason, while "[d]elay alone" might not have been sufficient reason to deny its motion to amend, *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc), Gas House Gang's lack of diligence combined with its efforts to obscure and confuse evidence bad faith sufficient to deny leave. *See id.* at 428 (lack of diligence supports inference of bad faith); *Nicholson*, 42 F.4th at 199 (affirming denial of motion to amend based on "evidence of skulduggery").

## IV. Conclusion

For all of these reasons, the Court should deny Defendant Gas House Gang's Motion to Amend Counterclaims and Join Parties. The knot of procedural devices Gas House Gang has attempted to wield to bring the League and Mr. White into this case cannot overcome its lack of diligence and failure to comply with the plain language of this Court's September 30 Order.

Respectfully submitted this November 25, 2025, by:

/s/ Amy E. Richardson
Amy E. Richardson (NC Bar No. 28768)
Rachel E. Grossman (NC Bar No. 58606)*
HWG LLP
333 Fayetteville Street, Suite 1500
Raleigh, NC 27601
T: 919-504-9833
E: arichardson@hwglaw.com
E: rgrossman@hwglaw.com

*Counsel for Third-Party Defendants Atlantic League of Professional Baseball Clubs, Inc. and Richard E. White*

** Admission to the W.D.N.C. pending.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this November 25, 2025, I caused a true and correct copy of the foregoing to be served via CM/ECF to all counsel of record.

/s/ Amy E. Richardson

Amy E. Richardson
*Counsel for Third-Party Defendants*
*Atlantic League of Professional Baseball*
*Clubs, Inc. and Richard E. White*